United States District Court
Southern District of Texas
**ENTERED**
March 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYMUNDO NIETO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-004 |
| | § | |
| STATE FARM, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

In December 2022, Plaintiff Reymundo Nieto filed this lawsuit alleging that Defendant State Farm Lloyds improperly denied his insurance claim after a storm damaged his home. Nieto alleges breach of contract and several extracontractual tort claims.

State Farm now moves for partial summary judgment, challenging all but one of Nieto's extracontractual causes of action. (Motion, Doc. 21) Based on the record and the applicable law, the Court concludes that State Farm is entitled to summary judgment as to the challenged claims.

### I.    Factual Background and Procedural History

In January 2021, Nieto purchased a homeowner's insurance policy from State Farm, covering his home in Brownsville, Texas. (Policy, Doc. 2–1) The Policy included a $3,386 deductible for any covered losses. (*Id.* at 7)

In October of that year, Nieto filed a claim with State Farm, alleging that a recent rainstorm had damaged his roof. (Claim File, Doc. 21–2, 8–9) Later that month, State Farm sent an inspector to the property to assess the damage. (Denial Letter, Doc. 21–2, 10) The inspector found "no accidental direct physical damage to the roof," but did find "some rot, wear and tear" to the roof that the Policy did not cover. (*Id.*) The covered damages totaled only $823.15, well below the policy deductible. (*Id.*)

In September 2022, Nieto submitted a demand letter to State Farm, presenting a replacement estimate from a local company and seeking recovery of $39,520.11. (AC Home Solutions Estimate, Doc. 21–2, 38–45) State Farm did not agree to the demand. (Claim File, Doc. 21–2, 5)

Nieto then filed this lawsuit in a Texas state court, and State Farm removed. (*See* Orig. Pet., Doc. 1–2; Notice of Removal, Doc. 1)

In June 2023, in connection with the lawsuit, State Farm sent two experts, Jeff Hunt and Eric Moody, to inspect the property. Hunt is a general contractor with over 25 years of construction experience. (Hunt Report, Doc. 21–3, 4) Moody is an engineer who analyzed drone photographs and weather data. (Moody Report, Doc. 21–4, 2–28) Both Hunt and Moody opined that a storm did not cause the roof damage. (Hunt Report, Doc. 21–3, 5–8; Moody Report, Doc. 21–4, 2–28) Rather, they concluded that any damage arose from wear and tear, the improper installation of solar panels, and construction defects. (*Id.*)

State Farm now moves for partial summary judgment, arguing that no genuine dispute of material fact exists as to the causes of action for breach of good faith and fair dealing, fraud, conspiracy to commit fraud, misrepresentation, and unfair settlement practices. (Motion, Doc. 21) State Farm does not move as to the claims for breach of contract or prompt payment.

Nieto did not file a response.[1]

## II.   Applicable Standard

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

---

[1] While "'[a] motion for summary judgment cannot be granted simply because there is no opposition', a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014) (unpubl.) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013).

"[W]hen the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "[W]hile it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." *Id. at* 335 n. 10 (emphasis in original).

**III.   Analysis**

In addition to his breach of contract claim based on the Policy, Nieto alleges several extracontractual causes of action. In the context of insurance litigation, a breach of contract claim is "distinct and independent from claims that the insurer violated its extra-contractual common-law and statutory duties." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133–34 (Tex. 2019) (cleaned up). At the same time, the insured cannot convert a breach of contract claim into tort claims in order to receive additional damages. *See, e.g.*, *Old Am. Ins. Co. v. Lincoln Factoring, LLC*, 571 S.W.3d 271, 277–78 (Tex. App.–Fort Worth 2018, no pet.) (noting that for a plaintiff to recover damages beyond the policy benefits for extracontractual torts, the insurer's actions "must cause an injury that is independent from the loss of benefits").

State Farm now moves for partial summary judgment, arguing that no genuine dispute of material fact exists as to the causes of action for breach of good faith and fair dealing, fraud, conspiracy to commit fraud, misrepresentation, and unfair settlement practices. For the following reasons, the Court finds merit in the Motion.

### A. No Evidence of Bad Faith

Nieto alleges that State Farm violated its common law duty of good faith and fair dealing and its statutory duty to avoid unfair settlement practices. An insurance company "breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Similar, Texas law renders it an unfair settlement practice for an insurance company to fail to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). And an insurer cannot deny a claim "without conducting a reasonable investigation". *Id.* at § 541.060(a)(7).

These causes of action share a common element: They require the insured to demonstrate that the insurer acted in bad faith in denying an insurance claim. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 51 (Tex. 1997) (good faith and fair dealing); *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 870 (5th Cir. 2014) (unfair settlement practices under TEX. INS. CODE § 541.060(a)(2)); *Platinum Trophy Hunts LLC v. Philadelphia Indem. Ins. Co.*, No. 1:22-CV-00496-LY, 2022 WL 17814614, at *4 (W.D. Tex. Dec. 19, 2022), report and recommendation adopted, 2023 WL 3082359 (W.D. Tex. Jan. 11, 2023) (unfair settlement practices under TEX. INS. CODE § 541.060(a)(7)). When assessing whether a fact issue exists as to an insurer's bad faith, a district court "must distinguish between the evidence supporting the contract issue and the tort issue, because the bad-faith tort issue does not focus on whether the property-damage claim was valid." *Chavez v. State Farm Lloyds*, 746 Fed. App'x 337, 341 (5th

Cir. 2018), abrogated on other grounds by *Agredano v. State Farm Lloyds*, 975 F.3d 504 (5th Cir. 2020) (cleaned up). At the summary judgment stage, the evidence supporting bad faith must be "reasonably clear", rather than simply revealing a "bona fide coverage dispute." *Chavez*, 746 Fed. App'x at 342.

In the present matter, the competent summary judgment evidence shows nothing more than a bona fide coverage dispute as to whether a storm or other factors caused the damage to Nieto's roof. The initial adjuster and State Farm's litigation experts all concur that the damage did not arise from a storm. Nieto disagrees, as demonstrated by the estimate that he presented to State Farm in his demand letter. But the estimate does not purport to opine as to the cause of the damage. It merely reflects an estimate for replacing the roof. In the end, the only competent summary judgment evidence as to the cause of the roof damage supports State Farm's position. And no evidence suggests that State Farm acted unreasonably by relying on its adjuster and its experts. *See Chavez*, 746 Fed. App'x at 342 ("Chavez provided no summary-judgment evidence casting doubt on the reliability of State Farm's estimate or suggesting State Farm's decision to rely on its own estimate, rather than another's, was unreasonable."). Based on the uncontroverted summary judgment facts, Nieto cannot show that State Farm acted in bad faith, proving fatal to all causes of action that include bad faith as an essential element.

### B. No Evidence of Fraud or Misrepresentation

Nieto alleges that State Farm engaged in "common law fraud" by representing that the Policy would cover the damages to his home when State Farm knew that it would not. In addition, he alleges that State Farm conspired with its adjusters to commit this fraud, and advances a similar claim for misrepresentation.

Under Texas law, a common law fraud claim "requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which

caused injury." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (cleaned up). A negligent misrepresentation claim under Texas law contains similar elements, but does not require a showing of intent to deceive. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 921 (Tex. 2010) (citing *Richter, S.A. v. Bank of America Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1185 (5th Cir. 1991)).

In the present matter, the summary judgment record contains no evidence that State Farm negligently, knowingly, or recklessly misrepresented whether the Policy would cover storm damages. On the contrary, the record demonstrates no more than that State Farm disputes whether a storm damaged the roof. But "a policy's promise to promptly compensate does not become a misrepresentation merely because an insurance carrier disputes whether an injury is compensable and delays payment." *Effinger v. Cambridge Integrated Servs. Grp.*, 478 Fed. App'x 804, 807 (5th Cir. 2011). Here, State Farm's dispute of the claim does not amount to fraud or negligent misrepresentation.

In addition, Nieto's conspiracy claim also fails because a conspiracy requires multiple parties, and State Farm as a matter of law cannot conspire with its employees. *See Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 381 (Tex. App.–Dallas 2009, no pet.) ("[A] corporation cannot conspire with itself through its agents".). Nieto identifies no other alleged co-conspirator beyond State Farm's adjusters, proving fatal to the conspiracy claim.

### C. No Evidence to Support Statutory Claims

Nieto alleges that State Farm violated its statutory obligations by failing to provide him with a prompt and reasonable explanation for its denial. (Complaint, Doc. 1–2, 14–15, (relying on TEX. INS. CODE § 541.060(a)(3) (failure to explain reasons); § 541.060(a)(4) (failure to timely accept or reject claim); § 542.055 (requiring insurer to commence investigation within 15 days of receiving a claim); and § 542.056 (requiring denial within 15 business days of receiving all

information necessary to decide claim)). The summary judgment record undermines each of these claims.

An insurer's denial of a claim must "provide a reasonable explanation of the factual or legal basis in the policy, in relation to the facts or applicable law", TEX. INS. CODE § 541.060(a)(3), and no authority indicates that the insurers explanation must exhaustively cover every possible detail or aspect of the claim. State Farm relies on its denial letter, which meets the applicable standard by providing a reasonable explanation for its decision. In the letter, State Farm explained its conclusion that wear and tear, rather than a storm caused the roof damage, and that, as a result, the Policy did not cover the damage. (Denial Letter, Doc. 21–2, 10) Nieto has presented no controverting evidence. In similar circumstances, district courts have granted summary judgment as to a failure-to-explain claim. *See, e.g., Salinas v. State Farm Fire & Cas. Co.*, No. CV B-10-194, 2012 WL 13055350, at *7 (S.D. Tex. Feb. 6, 2012) (granting summary judgment based on the insurer's denial letter).

The remaining claims concern the timing of State Farm's investigation and denial of the insurance claim. On this issue, the undisputed summary judgment facts reflect that the storm occurred on October 1, 2021, and Nieto filed a claim on October 7. (Claim File, Doc. 21–2, 8–9) State Farm inspected the property seven days later, and issued a claim denial by October 24. (Denial Letter, Doc. 21–2, 10) In all, less than 30 days elapsed between the storm and the denial of coverage. And State Farm issued the denial letter within 10 days of its inspection of the roof. Given this undisputed timetable, no basis exists for a jury to conclude that State Farm unreasonably delayed the investigation or denial of Nieto's claim. *See, e.g., AmGuard Ins. Co. v. Meisel*, No. CV H-16-2592, 2022 WL 15777591, at *8 (S.D. Tex. Sept. 29, 2022) (concluding that the denial of an insurance claim within 15 business days of receiving all relevant information was reasonable).

## IV. Conclusion

For these reasons, it is:

**ORDERED** that the Partial Motion for Summary Judgment filed by Defendant State Farm Lloyds (Doc. 21) is **GRANTED**; and

**ORDERED** that Plaintiff Reymundo Nieto's cause of action against Defendant State Farm Lloyds for violations of the duty of good faith and fair dealing, fraud, conspiracy to commit fraud, misrepresentation, and violations of Texas Insurance Code § 541, § 542.055, and § 542.056 are **DISMISSED WITH PREJUDICE**.

Signed on March 6, 2024.

_____
Fernando Rodriguez, Jr.
United States District Judge